D. M. ROSS *vs.* WILLIAM G. BROWN.

Kennebec. Opinion February 8, 1883.

*Promissory notes.*

In an action upon a note reading as follows : "For value rec'd as treasurer of the town of Monmouth, I promise to pay D. M. Ross or order one hundred and sixty dollars in one year from date with interest. Wm. G. Brown, treasurer," it was not shown or claimed that the treasurer was authorized or had the permission of the town in its corporate capacity to issue the note in its behalf; *Held,* That the note must be regarded as the note of Brown, and not the note of the town.

ON REPORT.

Assumpsit upon the following note.

" $160.00. — No. 309. Monmouth, Oct. 26, 1876."

"For value received as treasurer of the town of Monmouth, I promise to pay D. M. Ross or order, one hundred and sixty dollars in one year from date, with interest."

Wm. G. Brown, treasurer."

The writ was dated August 30, 1878, and the plea was general issue.

At the trial evidence was introduced showing that Brown was the duly elected and qualified treasurer of the town of Monmouth, from March, 1876, to March, 1877. The law court was to render such judgment as the law and facts might require.

*J. H. Potter,* for the plaintiff.

*G. C. Vose,* for the defendant.

Was this the individual note of Brown ?

To determine this we must ascertain the intent as gathered from the whole instrument, however inartificially drawn, or however informally the intent may be expressed. *Klosterman* v. *Loos,* 58 Mo. 290.

If a person describe himself in the body of a note as trustee and then sign his name adding the word trustee, he is not

personally liable thereon. *Blanchard* v. *Kaull*, 44 Cal. 440; *Jones* v. *Clark*, 42 Cal. 180. See also, *Chipman* v. *Foster*, 119 Mass. 189; *Carpenter* v. *Farnsworth*, 106 Mass. 561; *Whitney* v. *Stow*, 111 Mass. 368; *Sheridan* v. *Carpenter*, 61 Maine, 83; *Morell* v. *Codding*, 4 Allen, 403; *Barlow* v. *Cong. Soc. in Lee*, 8 Allen, 460.

In *Shoe and Leather Bank* v. *Dix*, 123 Mass. 148, the court say, "no case can be found in which a promise as agent or as trustee, accompanied with an express disclaimer of personal liability in the instrument would fail to exempt the signer."

It is well settled that, so far as an action on the note is concerned, the person who takes a negotiable promissory note, contracts only with those whose names appear upon the paper as parties. *Bank of British North America* v. *Hooper*, 5 Gray, 567; *Tucker M'f'g Co.* v. *Fairbanks*, 98 Mass. 101; *Brown* v. *Parker*, 7 Allen, 337; *Williams* v. *Robbins*, 16 Gray, 77.

The notes in question were in consideration of money received by defendant as treasurer, and were signed by him as treasurer.

If a person signs without authority, the signer is not liable on the note. His liability is in an action for falsely representing himself to be authorized to sign the note in behalf of the town. *Bartlett* v. *Tucker*, 104 Mass. 336; *Jefts v. York*, 4 Cush. 371; *Long* v. *Colburn*, 11 Mass. 97; *Jones* v. *Wolcott*, 2 Allen, 247; *Harper* v. *Little*, 2 Maine, 14.

WALTON, J. We think the note in suit must be regarded as the note of Wm. G. Brown and not the note of the town of Monmouth. In *Parsons* v. *Monmouth*, 70 Maine, 262, which was an action upon a note in the precise form of the note sued in this case, the court held that an action upon it could not be maintained against the town. It was not then necessary and the court did not decide whether the note was in form the note of the town or the note of the treasurer. The court held that an action upon it could not be maintained against the town, for the reason that no officer of a town is authorized to issue a note in behalf of the town without express permission from the town in

its corporate capacity. No such permission is shown or claimed in this case. Nor does the language of the note import a promise on the part of the town to pay the sum mentioned in it. The language of the note is, "I promise to pay," etc. This language does not purport to create an obligation on the part of any one but the signer of the note. True, the note says "for value received as treasurer of the town of Monmouth, I promise to pay," etc. It is immaterial whether this means that the consideration was received as treasurer, or the promise was made as treasurer, or both; for in whatever capacity he received the consideration, or in whatever capacity he made the promise, it is still the promise of the signer of the note, and not the promise of the town. The language will bear no other interpretation. The promise being in terms his promise and having no authority to make a promise binding upon the town (for no such authority is shown or claimed), we think the promise must be held to create, what the words used so clearly express, a personal obligation on the part of the signer of the note. In other words, that the note in suit must be regarded as the note of Wm. G. Brown, and not the note of the town of Monmouth. *Mellen* v. *Moore*, 68 Maine, 390, and cases there cited.

*Judgment for plaintiff.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.